David Eugene NELSON, Plaintiff—
Appellant,

v.

Rick DAY, Individual capacity; joint and several liability; Michael Mahoney, Individual capacity; joint and several liability; Leonard Mihelich, Individual capacity; joint and several liability; Janet Cox, Individual capacity; joint and several liability; Sylvia Dubuisson, Individual capacity; joint and several liability; Ken Cozby, Individual capacity; joint and several liability; Tony Barclay, Individual capacity; joint and several liability, Defendants—Appellees.

No. 02–35451.

D.C. No. CV–00–00145–RFC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 12, 2003.

Decided Sept. 29, 2003.

Patrick Flaherty, Esq., Great Falls, MT, D. Rahn Hostetter, Esq., Enterprise, OR, for Plaintiff–Appellant.

Elizabeth S. Baker, Esq., Hughes Kellner Sullivan & Alke, Helena, MT, for Defendant–Appellee.

Before HAWKINS, MCKEOWN, and BERZON, Circuit Judges.

## MEMORANDUM *

David E. Nelson appeals the summary judgment dismissal of his § 1983 claims against various officials of the Montana Department of Corrections for incarcerating him beyond his lawful discharge date. Because we find that Nelson's right to release was not "clearly established" until the Montana Supreme Court granted his habeas petition on September 7, 2000, qualified immunity precludes relief for incarceration prior to that date. *See Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

After obtaining habeas relief, Nelson remained in prison for 54 days. While that figure is certainly disturbing, the record does not demonstrate that any of the named defendants are at fault. If anyone at the Department is to blame, it is the responsible Department attorney, a nonparty, who may have delayed Nelson's release by 36 days. As Nelson conceded at oral argument, the remaining 18 days of incarceration do not give rise to § 1983 liability.

Thus, summary judgment was proper as to the entire period for which Nelson seeks relief.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.